# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51437 & 51438

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>DIRCK HUNTER DEWITT, JR.,<br><br>      Defendant-Appellant. | Filed: May 12, 2025<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified, consecutive sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance in Docket No. 51437, affirmed; judgment of conviction and unified, consecutive sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance in Docket No. 51438, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51437, Dirck Hunter Dewitt, Jr. pled guilty to one count of possession of a controlled substance. Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed including an allegation that he is a persistent violator. The district court sentenced Dewitt to a unified term of seven years, with a minimum period of confinement of three years, and retained jurisdiction. In Docket No. 51438, Dewitt pled guilty to one count of possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed and the State agreed not to file a

persistent violator enhancement. The district court sentenced Dewitt to a unified term of seven years, with a minimum period of confinement of three years, and retained jurisdiction.[1] Dewitt appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Dewitt's judgments of conviction and sentences are affirmed.

---

[1] The sentences in Docket Nos. 51437 and 51438 were ordered to run consecutively to each other.